**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HEALTHCARE PROFESSIONAL LONG TERM CARE RISK RETENTION GROUP, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:25-cv-11755 |
| v. | )<br>) Honorable April M. Perry |
| AHVA CARE OF WINFIELD, LLC / AHVA CARE OF STICKNEY, LLC, | )<br>)<br>) |
| Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff, HEALTHCARE PROFESSIONAL LONG TERM CARE RISK RETENTION GROUP ("HEALTHCARE PROFESSIONAL"), by its attorneys, COZEN O'CONNOR, for its Amended Complaint against Defendants, AHVA CARE OF WINFIELD, LLC ("WINFIELD") and AHVA CARE OF STICKNEY, LLC ("STICKNEY"), states as follows:

## NATURE OF THE ACTION

1. WINFIELD and STICKNEY have accepted benefits under professional liability insurance policies issued to them by HEALTHCARE PROFESSIONAL but have breached their contractual obligations under the policies. WINFIELD's and STICKNEY's breaches, related to policy deductibles, have damaged HEALTHCARE PROFESSIONAL in the amount of $200,000 and have prompted this action by HEALTHCARE PROFESSIONAL for recovery of those damages. In the alternative WINFIELD and STICKNEY have been unjustly enriched in the amount of $200,000.

2. HEALTHCARE PROFESSIONAL issued a Long Term Care Facility Entity Liability Policy to WINFIELD and STICKNEY for the period of October 8, 2021 to October 8, 2022 ("2021-2022 Policy"). The 2021-2022 Policy is attached hereto as **Exhibit A**.

3. HEALTHCARE PROFESSIONAL issued a Long Term Care Facility Entity Liability Policy to WINFIELD, STICKNEY, and non-Party Ahva Care of East Dubuque, LLC for the period of October 8, 2022 to October 8, 2023 ("2022-2023 Policy"). The 2022-2023 Policy is attached hereto as **Exhibit B**.

4. HEALTHCARE PROFESSIONAL issued a Long Term Care Facility Entity Liability Policy to WINFIELD, STICKNEY, and non-Party Ahva Care of East Dubuque, LLC for the period of October 8, 2023 to October 8, 2024 ("2023-2024 Policy"). The 2023-2024 Policy is attached hereto as **Exhibit C**.

5. The 2021-2022 Policy, 2022-2023 Policy, and 2023-2024 Policy each contain a deductible of $50,000 per claim.

6. On October 23, 2024, HEALTHCARE PROFESSIONAL settled a lawsuit filed in the Circuit Court of Cook County, Illinois, Case No. 2023L009204, on behalf of STICKNEY.

7. On February 25, 2025, HEALTHCARE PROFESSIONAL settled a lawsuit filed in the Circuit Court of Cook County, Illinois, Case No. 2022L010971, on behalf of WINFIELD.

8. On April 2, 2025, HEALTHCARE PROFESSIONAL settled a lawsuit filed in the Circuit Court of Cook County, Illinois, Case No. 2024L000580, on behalf of STICKNEY.

9. On October 1, 2025, HEALTHCARE PROFESSIONAL settled a lawsuit filed in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois, Case No. 2025LA000078, on behalf of WINFIELD.

10. WINFIELD and STICKNEY have failed and/or refused to pay back amounts falling under the deducible, thereby breaching the 2021-2022 Policy, 2022-2023 Policy, and 2023-2024 Policy.

11. By failing to reimburse HEALTHCARE PROFESSIONAL for the deductible amounts under the 2021-2022 Policy, 2022-2023 Policy, and 2023-2024 Policy, WINFIELD and STICKNEY have breached their contracts and damaged HEALTHCARE PROFESSIONAL in an amount totaling $200,000, plus interest.

12. In the alternative, WINFIELD and STICKNEY have been unjustly enriched in an amount totaling $200,000, plus interest.

13. Accordingly, in this action, HEALTHCARE PROFESSIONAL seeks to recover all amounts owed by WINFIELD and STICKNEY, including deductibles, interest, costs, and attorneys' fees.

## THE PARTIES

14. Plaintiff HEALTHCARE PROFESSIONAL is an insurance company organized under the laws of the State of Florida with a principal place of business in the State of Florida. At all relevant times, it was duly authorized to sell insurance in the State of Illinois.

15. WINFIELD is an Illinois limited liability company with its principal place of business in WINFIELD, Illinois.

16. WINFIELD has a single member: Elana Baver.

17. STICKNEY is an Illinois limited liability company with its principal place of business in Berwyn, Illinois.

18. STICKNEY has a single member: Elana Baver.

19. Baver is a resident of the State of Illinois and therefore is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because Plaintiff is of diverse citizenship from WINFIELD and STICKNEY, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

21. The Court has personal jurisdiction over WINFIELD and STICKNEY because they are organized under the State of Illinois and have their principal place of business in WINFIELD, Illinois and STICKNEY, Illinois, respectively.

22. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events giving rise to the claims at issue occurred in this District. Specifically, the 2021-2022 Policy, 2022-2023 Policy, and 2023-2024 Policy were issued to WINFIELD and STICKNEY in WINFIELD, Illinois and STICKNEY, Illinois, respectively.

## THE LONG TERM CARE FACILITY ENTITY LIABILITY POLICIES

23. HEALTHCARE PROFESSIONAL issued the 2021-2022 Policy to WINFIELD and STICKNEY for the period of October 8, 2021 to October 8, 2022.

24. The 2021-2022 Policy has a $50,000 deductible that applies on a per claim basis.

25. HEALTHCARE PROFESSIONAL issued the 2022-2023 Policy to WINFIELD, STICKNEY, and non-Party Ahva Care of East Dubuque, LLC for the period of October 8, 2022 to October 8, 2023.

26. The 2022-2023 Policy has a $50,000 deductible that applies on a per claim basis.

4

27. HEALTHCARE PROFESSIONAL issued the 2023-2024 Policy to WINFIELD, STICKNEY, and non-Party Ahva Care of East Dubuque, LLC for the period of October 8, 2023 to October 8, 2024.

28. Collectively, the amount in controversy involves four $50,000 deductibles for a total of $200,000 due and owing to HEALTHCARE PROFESSIONAL, exclusive of interest and costs.

## COUNT I
## BREACH OF 2021-2022 POLICY

29. HEALTHCARE PROFESSIONAL hereby adopts by reference the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all times relevant, WINFIELD owned and operated a long-term care facility commonly known as Ahva Care of Winfield.

31. On December 12, 2022, David Kosirog, as Independent Executor of the Estate of James Kosirog, filed a lawsuit in the Circuit Court of Cook County, Illinois, Case No. 2022L01091, against WINFIELD and other defendants ("Kosirog Lawsuit").

32. Pursuant to the 2021-2022 Policy, HEALTHCARE PROFESSIONAL provided WINFIELD with a defense in the Kosirog Lawsuit.

33. Additionally, HEALTHCARE PROFESSIONAL settled and/or made certain indemnity payments in connection with the Kosirog Lawsuit on behalf of WINFIELD.

34. The 2021-2022 Policy has a $50,000 per claim deductible.

35. Pursuant to the 2021-2022 Policy, WINFIELD and STICKNEY are obligated to reimburse HEALTHCARE PROFESSIONAL for any amounts within the $50,000 deductible that were initially funded by HEALTHCARE PROFESSIONAL.

5

36. Following the settlement of the Kosirog Lawsuit, HEALTHCARE PROFESSIONAL promptly issued an invoice to WINFIELD and STICKNEY for the $50,000 deductible.

37. However, WINFIELD and STICKNEY have failed and/or refused to reimburse HEALTHCARE PROFESSIONAL for such amounts.

38. Accordingly, WINFIELD and STICKNEY have breached the 2021-2022 Policy.

39. WINFIELD's and STICKNEY's breach have damaged HEALTHCARE PROFESSIONAL in an amount in excess of $50,000 and have promoted this action by HEALTHCARE PROFESSIONAL for recovery of those damages.

## COUNT II
## UNJUST ENRICHMENT – IN THE ALTERNATIVE TO COUNT I

40. HEALTHCARE PROFESSIONAL hereby adopts by reference the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all times relevant, WINFIELD owned and operated a long-term care facility commonly known as Ahva Care of Winfield.

42. On December 12, 2022, David Kosirog filed the Kosirog Lawsuit.

43. HEALTHCARE PROFESSIONAL provided WINFIELD with a defense in the Kosirog Lawsuit.

44. Additionally, HEALTHCARE PROFESSIONAL settled and/or made certain indemnity payments in connection with the Kosirog Lawsuit on behalf of WINFIELD.

45. The 2021-2022 Policy has a $50,000 per claim deductible.

46. Pursuant to the 2021-2022 Policy, WINFIELD and STICKNEY are obligated to reimburse HEALTHCARE PROFESSIONAL for any amounts within the $50,000 deductible that were initially funded by HEALTHCARE PROFESSIONAL.

6

47. Following the settlement of the Kosirog Lawsuit, HEALTHCARE PROFESSIONAL promptly issued an invoice to WINFIELD and STICKNEY for the $50,000 deductible.

48. However, WINFIELD and STICKNEY have failed and/or refused to reimburse HEALTHCARE PROFESSIONAL for such amounts.

49. WINFIELD and STICKNEY retained a benefit from because HEALTHCARE PROFESSIONAL provided WINFIELD with a defense to the Kosirog Lawsuit and settled the Kosirog Lawsuit.

50. The value of the benefit received by WINFIELD and STICKNEY is equal to the 2021-2022 Policy's $50,000 per claim deductible, exclusive of interest.

51. WINFIELD and STICKNEY have been unjustly enriched because HEALTHCARE PROFESSIONAL provided WINFIELD with a defense to the Kosirog Lawsuit and settled the Kosirog Lawsuit and WINFIELD and STICKNEY did not reimburse HEALTHCARE PROFESSIONAL the $50,000 deductible.

52. Under the doctrine of unjust enrichment, an entity that receives a benefit from another, the retention of which benefit results in inequity, may be ordered to make restitution.

53. WINFIELD and STICKNEY retained a benefit from HEALTHCARE PROFESSIONAL equal to the amount of the $50,000 deductible and it would be unjust for WINFIELD and STICKNEY to retain such benefits.

## COUNT III
## BREACH OF 2022-2023 POLICY

54. HEALTHCARE PROFESSIONAL hereby adopts by reference the allegations contained in paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. At all times relevant, STICKNEY owned and operated a long-term care facility commonly known as Ahva Care of Stickney.

56. On September 12, 2023, Jennifer Lynam, as Independent Executor of the Estate of Ronald J. Janisch, filed a lawsuit in the Circuit Court of Cook County, Illinois, Case No. 2023L009204, against STICKNEY and other defendants ("Janisch Lawsuit").

57. Pursuant to the 2022-2023 Policy, HEALTHCARE PROFESSIONAL provided STICKNEY with a defense in the Janisch Lawsuit.

58. Additionally, HEALTHCARE PROFESSIONAL settled and/or made certain indemnity payments in connection with the Janisch Lawsuit on behalf of STICKNEY.

59. The 2022-2023 Policy has a $50,000 per claim deductible.

60. Pursuant to the 2022-2023 Policy, WINFIELD and STICKNEY are obligated to reimburse HEALTHCARE PROFESSIONAL for any amounts within the $50,000 deductible that were initially funded by HEALTHCARE PROFESSIONAL.

61. Following the settlement of the Janisch Lawsuit, HEALTHCARE PROFESSIONAL promptly issued an invoice to WINFIELD, STICKNEY, and non-Party Ahva Care of East Dubuque, LLC for the $50,000 deductible.

62. However, WINFIELD and STICKNEY have failed and/or refused to reimburse HEALTHCARE PROFESSIONAL for such amounts.

63. Accordingly, WINFIELD and STICKNEY have breached the 2022-2023 Policy.

64. WINFIELD's and STICKNEY's breach have damaged HEALTHCARE PROFESSIONAL in an amount in excess of $50,000 and have promoted this action by HEALTHCARE PROFESSIONAL for recovery of those damages.

## COUNT IV
## UNJUST ENRICHMENT – IN THE ALTERNATIVE TO COUNT III

65. HEALTHCARE PROFESSIONAL hereby adopts by reference the allegations contained in paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. At all times relevant, STICKNEY owned and operated a long-term care facility commonly known as Ahva Care of Stickney.

67. On September 12, 2023, Jennifer Lynam filed the Janisch Lawsuit.

68. HEALTHCARE PROFESSIONAL provided STICKNEY with a defense in the Janisch Lawsuit.

69. Additionally, HEALTHCARE PROFESSIONAL settled and/or made certain indemnity payments in connection with the Janisch Lawsuit on behalf of STICKNEY.

70. The 2022-2023 Policy has a $50,000 per claim deductible.

71. Pursuant to the 2022-2023 Policy, WINFIELD and STICKNEY are obligated to reimburse HEALTHCARE PROFESSIONAL for any amounts within the $50,000 deductible that were initially funded by HEALTHCARE PROFESSIONAL.

72. Following the settlement of the Janisch Lawsuit, HEALTHCARE PROFESSIONAL promptly issued an invoice to WINFIELD, STICKNEY and non-Party Ahva Care of East Dubuque, LLC for the $50,000 deductible.

73. However, WINFIELD and STICKNEY have failed and/or refused to reimburse HEALTHCARE PROFESSIONAL for such amounts.

74. WINFIELD and STICKNEY retained a benefit from because HEALTHCARE PROFESSIONAL provided STICKNEY with a defense to the Janisch Lawsuit and settled the Janisch Lawsuit.

75. The value of the benefit received by WINFIELD and STICKNEY is equal to the 2022-2023 Policy's $50,000 per claim deductible, exclusive of interest.

76. WINFIELD and STICKNEY have been unjustly enriched because HEALTHCARE PROFESSIONAL provided STICKNEY with a defense to the Janisch Lawsuit and settled the Janisch Lawsuit and WINFIELD and STICKNEY did not reimburse HEALTHCARE PROFESSIONAL the $50,000 deductible.

77. Under the doctrine of unjust enrichment, an entity that receives a benefit from another, the retention of which benefit results in inequity, may be ordered to make restitution.

78. WINFIELD and STICKNEY retained a benefit from HEALTHCARE PROFESSIONAL equal to the amount of the $50,000 deductible and it would be unjust for WINFIELD and STICKNEY to retain such benefits.

## COUNT V
## BREACH OF 2022-2023 POLICY

79. HEALTHCARE PROFESSIONAL hereby adopts by reference the allegations contained in paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80. At all times relevant, STICKNEY owned and operated a long-term care facility commonly known as Ahva Care of Stickney.

81. On January 16, 2024, Charles Cooper, as Independent Administrator of the Estate of Karen Cooper, filed a lawsuit in the Circuit Court of Cook County, Illinois, Case No. 2024L000580, against STICKNEY and other defendants ("Cooper Lawsuit").

82. Pursuant to the 2022-2023 Policy, HEALTHCARE PROFESSIONAL provided STICKNEY with a defense in the Cooper Lawsuit.

83. Additionally, HEALTHCARE PROFESSIONAL settled and/or made certain indemnity payments in connection with the Cooper Lawsuit on behalf of STICKNEY.

84. The 2022-2023 Policy has a $50,000 per claim deductible.

85. Pursuant to the 2022-2023 Policy, WINFIELD and STICKNEY are obligated to reimburse HEALTHCARE PROFESSIONAL for any amounts within the $50,000 deductible that were initially funded by HEALTHCARE PROFESSIONAL.

86. Following the settlement of the Cooper Lawsuit, HEALTHCARE PROFESSIONAL promptly issued an invoice to WINFIELD, STICKNEY, and non-Party for the $50,000 deductible.

87. However, WINFIELD and STICKNEY have failed and/or refused to reimburse HEALTHCARE PROFESSIONAL for such amounts.

88. Accordingly, WINFIELD and STICKNEY have breached the 2022-2023 Policy.

89. WINFIELD's and STICKNEY's breach have damaged HEALTHCARE PROFESSIONAL in an amount in excess of $50,000 and have promoted this action by HEALTHCARE PROFESSIONAL for recovery of those damages.

### COUNT VI
### UNJUST ENRICHMENT – IN THE ALTERNATIVE TO COUNT V

90. HEALTHCARE PROFESSIONAL hereby adopts by reference the allegations contained in paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91. At all times relevant, STICKNEY owned and operated a long-term care facility commonly known as Ahva Care of Stickney.

92. On January 16, 2024, Charles Cooper filed the Cooper Lawsuit.

93. HEALTHCARE PROFESSIONAL provided STICKNEY with a defense in the Cooper Lawsuit.

94. Additionally, HEALTHCARE PROFESSIONAL settled and/or made certain indemnity payments in connection with the Cooper Lawsuit on behalf of STICKNEY.

11

95. The 2022-2023 Policy has a $50,000 per claim deductible.

96. Pursuant to the 2022-2023 Policy, WINFIELD and STICKNEY are obligated to reimburse HEALTHCARE PROFESSIONAL for any amounts within the $50,000 deductible that were initially funded by HEALTHCARE PROFESSIONAL.

97. Following the settlement of the Cooper Lawsuit, HEALTHCARE PROFESSIONAL promptly issued an invoice to WINFIELD, STICKNEY and non-Party Ahva Care of East Dubuque, LLC for the $50,000 deductible.

98. However, WINFIELD and STICKNEY have failed and/or refused to reimburse HEALTHCARE PROFESSIONAL for such amounts.

99. WINFIELD and STICKNEY retained a benefit from because HEALTHCARE PROFESSIONAL provided STICKNEY with a defense to the Cooper Lawsuit and settled the Cooper Lawsuit.

100. The value of the benefit received by WINFIELD and STICKNEY is equal to the 2022-2023 Policy's $50,000 per claim deductible, exclusive of interest.

101. WINFIELD and STICKNEY have been unjustly enriched because HEALTHCARE PROFESSIONAL provided STICKNEY with a defense to the Cooper Lawsuit and settled the Cooper Lawsuit and WINFIELD and STICKNEY did not reimburse HEALTHCARE PROFESSIONAL the $50,000 deductible.

102. Under the doctrine of unjust enrichment, an entity that receives a benefit from another, the retention of which benefit results in inequity, may be ordered to make restitution.

103. WINFIELD and STICKNEY retained a benefit from HEALTHCARE PROFESSIONAL equal to the amount of the $50,000 deductible and it would be unjust for WINFIELD and STICKNEY to retain such benefits.

## COUNT VII
## BREACH OF 2023-2024 POLICY

104. HEALTHCARE PROFESSIONAL hereby adopts by reference the allegations contained in paragraphs 1 through 103 of this Complaint as if fully set forth herein.

105. At all times relevant, WINFIELD owned and operated a long-term care facility commonly known as Ahva Care of Winfield.

106. On January 21, 2025, Mildred Aguilar filed a lawsuit in the Circuit Court of the 18th Judicial Circuit Court, DuPage County, Illinois, Case No. 2025LA000078 against WINFIELD and other defendants ("Aguilar Lawsuit").

107. Pursuant to the 2023-2024 Policy, HEALTHCARE PROFESSIONAL provided WINFIELD with a defense in the Aguilar Lawsuit.

108. Additionally, HEALTHCARE PROFESSIONAL settled and/or made certain indemnity payments in connection with the Aguilar Lawsuit on behalf of WINFIELD.

109. The 2023-2024 Policy has a $50,000 per claim deductible.

110. Pursuant to the 2023-2024 Policy, WINFIELD and STICKNEY are obligated to reimburse HEALTHCARE PROFESSIONAL for any amounts within the $50,000 deductible that were initially funded by HEALTHCARE PROFESSIONAL.

111. Following the settlement of the Aguilar Lawsuit, HEALTHCARE PROFESSIONAL promptly issued an invoice to WINFIELD, STICKNEY, and non-Party Ahva Care of East Dubuque, LLC for the $50,000 deductible.

112. However, WINFIELD and STICKNEY have failed and/or refused to reimburse HEALTHCARE PROFESSIONAL for such amounts.

113. Accordingly, WINFIELD and STICKNEY have breached the 2023-2024 Policy.

114. WINFIELD's and STICKNEY's breach have damaged HEALTHCARE PROFESSIONAL in an amount in excess of $50,000 and have promoted this action by HEALTHCARE PROFESSIONAL for recovery of those damages.

### COUNT VIII
### UNJUST ENRICHMENT – IN THE ALTERNATIVE TO COUNT VII

115. HEALTHCARE PROFESSIONAL hereby adopts by reference the allegations contained in paragraphs 1 through 116 of this Complaint as if fully set forth herein.

116. At all times relevant, WINFIELD owned and operated a long-term care facility commonly known as Ahva Care of Winfield.

117. On January 21, 2025, Mildred Aguilar filed the Aguilar Lawsuit.

118. HEALTHCARE PROFESSIONAL provided WINFIELD with a defense in the Aguilar Lawsuit.

119. Additionally, HEALTHCARE PROFESSIONAL settled and/or made certain indemnity payments in connection with the Aguilar Lawsuit on behalf of WINFIELD.

120. The 2023-2024 Policy has a $50,000 per claim deductible.

121. Pursuant to the 2023-2024 Policy, WINFIELD and STICKNEY are obligated to reimburse HEALTHCARE PROFESSIONAL for any amounts within the $50,000 deductible that were initially funded by HEALTHCARE PROFESSIONAL.

122. Following the settlement of the Aguilar Lawsuit, HEALTHCARE PROFESSIONAL promptly issued an invoice to WINFIELD, STICKNEY and non-Party Ahva Care of East Dubuque, LLC for the $50,000 deductible.

123. However, WINFIELD and STICKNEY have failed and/or refused to reimburse HEALTHCARE PROFESSIONAL for such amounts.

14

124. WINFIELD and STICKNEY retained a benefit from because HEALTHCARE PROFESSIONAL provided WINFIELD with a defense to the Aguilar Lawsuit and settled the Aguilar Lawsuit.

125. The value of the benefit received by WINFIELD and STICKNEY is equal to the 2023-2024 Policy's $50,000 per claim deductible, exclusive of interest.

126. WINFIELD and STICKNEY have been unjustly enriched because HEALTHCARE PROFESSIONAL provided WINFIELD with a defense to the Aguilar Lawsuit and settled the Aguilar Lawsuit and WINFIELD and STICKNEY did not reimburse HEALTHCARE PROFESSIONAL the $50,000 deductible.

127. Under the doctrine of unjust enrichment, an entity that receives a benefit from another, the retention of which benefit results in inequity, may be ordered to make restitution.

128. WINFIELD and STICKNEY retained a benefit from HEALTHCARE PROFESSIONAL equal to the amount of the $50,000 deductible and it would be unjust for WINFIELD and STICKNEY to retain such benefits.

## PRAYER FOR RELIEF

WHEREFORE, HEALTHCARE PROFESSIONAL prays that this Court enter an Order:

1. granting an award of damages against WINFIELD and STICKNEY in an amount not less than $50,000, plus interest, costs, and attorneys' fees on Count I;

2. in the alternative to Count I, granting an award of damages against WINFIELD and STICKNEY in an amount not less than $50,000, plus interest, costs, and attorneys' fees on Count II;

3. granting an award of damages against WINFIELD and STICKNEY in an amount not less than $50,000 plus interest, costs, and attorneys' fees on Count III;

    4.    in the alternative to Count III, granting an award of damages against WINFIELD and STICKNEY in an amount not less than $50,000, plus interest, costs, and attorneys' fees on Count IV;

    5.    granting an award of damages against WINFIELD and STICKNEY in an amount not less than $50,000 plus interest, costs, and attorneys' fees on Count V;

    6.    in the alternative to Count V, granting an award of damages against WINFIELD and STICKNEY in an amount not less than $50,000, plus interest, costs, and attorneys' fees on Count VI;

    7.    granting an award of damages against WINFIELD and STICKNEY in an amount not less than $50,000 plus interest, costs, and attorneys' fees on Count VII;

    8.    in the alternative to Count VII, granting an award of damages against WINFIELD and STICKNEY in an amount not less than $50,000, plus interest, costs, and attorneys' fees on Count VIII;

    9.    granting an award of damages against WINFIELD and STICKNEY in amount not less than $200,000 combined; and

    10.    any additional relief as the Court deems just and proper.

Dated: January 9, 2026                          Respectfully submitted,

                                                                        COZEN O'CONNOR

                                                                        By: */s/ Michael J. Weiss*
                                                                             Attorney for Plaintiff

Michael J. Weiss
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100 (telephone)
(312) 382-8910 (facsimile)
mjweiss@cozen.com

## **CERTIFICATE OF SERVICE**

I, Michael J. Weiss, an attorney, hereby certify that, on January 9, 2026, I caused a true and correct copy of the foregoing, Amended Complaint, to be filed electronically via CM/ECF system, which shall send notice of such filing to all counsel of record.

*/s/ Michael J. Weiss*
Michael J. Weiss